IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES E. SMITH                                                                                          PLAINTIFF

v.                                         Case No. 1:21-cv-1004

COURTNEY MATHIS; GUSSIE MATHIS;
and SHERIFF RICKY ROBERTS, Chief
El Dorado Police Department                                                                    DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, James E. Smith, proceeds in this matter *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Division of Correction, Pine Bluff Unit. He initially filed his Complaint on January 11, 2021. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). In response to this Court's order, on January 25, 2021, Plaintiff filed an Amended Complaint to clarify his claims. (ECF No. 6). Plaintiff lists the following individuals as Defendants: Courtney Mathis, Gussie Mathis, and Ricky Roberts. *Id.* Plaintiff also mentions a "K. Turner" as a Defendant in the body of his Amended Complaint with respect to Claims 1 and 2. *Id.* at p. 5.

Plaintiff describes Claim One as "SSI Check, stress and property." (ECF No. 6, p. 4). He alleges on August 11, 2019, ". . . Courtney Mathis, Gussie Mathis and Mrs. Gussie Mathis brother K. Turner after I put Courtney Mathis out our trailer Courtney sent these two to fight me and had

me arrested got all my checks, clothes, appliances, shoes, dishes and etc. I let Courtney Mathis borrow 200 dollars to fix her truck and I put 700 out 1000 dollars for first and last month rent 500 and 500." *Id.*

Plaintiff describes Claim Two as "stress, property, hit me in back of head with my cane" on August 11, 2019. (ECF No. 6, p. 5). He identifies Gussie Mathis and K. Turner as the Defendants who caused him "stress and pain". *Id.*

Plaintiff describes Claim Three as "mental stress, pain and suffer." (ECF No. 6, p. 6). He alleges on September 3, 2019, Defendant Roberts refused to "press charges." Plaintiff specifically claims, "I wrote to…Ricky Roberts to press charges, had talked to one Police lady on the jail phone to get them to press charges and get my property from Courtney the officer told me they can do nothing cause I knew who had my stuff and were it was…They still haven't arrest Courtney and Gussie Mathis . . . ." *Id.*

Plaintiff is suing Defendants Courtney Mathis, Gussie Mathis, and K. Turner in their individual capacities. He is suing Defendant Roberts in both his individual and official capacities. Plaintiff seeks compensatory and punitive damages. (ECF No. 6, p. 7).

**APPLICABLE LAW**

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). To determine the presence of state action, a court must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Montano v. Hedgepeth,* 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)).

## DISCUSSION

**A. Defendants Courtney Mathis, Gussie Mathis, and K. Turner**

Plaintiff names Courtney Mathis, Gussie Mathis, and K. Turner as Defendants in Claims One and Two. He alleges Courtney Mathis "got him arrested," stole his money and personal belongings, and sent Gussie Mathis and K. Turner to "fight him." (ECF No. 6, p. 4-5). Plaintiff also claims Gussie Mathis and K. Turner hit him on the back of the head with a cane and participated in the theft of his belongings. *Id*.

Based on the allegations of the Amended Complaint, these three Defendants are private

individuals and not state actors.  A § 1983 complaint must allege that each defendant, *acting under the color of state law*, deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).  "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001) (store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived) (citations omitted).  *See also Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) ("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, i.e., the action of private persons not acting under color of law.").

Accordingly, Plaintiff has failed to state a claim under 42 U.S.C. §1983 against Courtney Mathis, Gussie Mathis, or K. Turner.  These Defendants are dismissed.

**B.  Sheriff Ricky Roberts**

In Claim Three, Plaintiff alleges Defendant Roberts violated his constitutional rights because he did not press charges against Courtney Mathis, Gussie Mathis, or K. Turner.

The law is clear that victims of a crime lack any legal right to compel criminal prosecution or institute criminal prosecution.  *See Hurst v. Hurst*, No. 5:14-cv-05270-TLB, 2014 WL 5018827, at *2 (W.D. Ark. September 17, 2014), citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Frison v. Zebro*, 339 F.3d 994, 998-1000 (8th Cir 2003) (rejecting a § 1983 claim based on the violation of a criminal statute); *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person).  Also, there is no constitutional right to have law enforcement officials investigate a reported crime.  *See Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002) (no due process or equal protection violation by sheriff's

4

department sergeant in responding to a call reporting domestic violence). "The Due Process Clause of the Fourteenth Amendment does not impose upon the state an affirmative duty to protect its citizens [against illegal private acts], but rather, places limitations on affirmative state action that denies life, liberty, or property without due process of law." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1065 (6th Cir. 1998) (*citing DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)). Accordingly, Plaintiff's individual capacity claim against Defendant Roberts is dismissed.

Plaintiff also sues Defendant Roberts in his official capacity. He refers to Defendant Roberts in the Amended Complaint as the "Head Sheriff of Union County" and "El Dorado Police Dept. Chief." (ECF No. 6, p. 3). In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d at 914.

Here, Plaintiff has identified no policy or custom of the El Dorado Police Department or Union County which violated his rights. Therefore, Plaintiff fails to state any official capacity claim against Defendant Roberts. Accordingly, Plaintiff's official capacity claims against Defendant Roberts are dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE** with respect to all Defendants pursuant to 28 U.S.C. § 1915A(b).

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 11th day of February, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge